**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER ALFONSO ARIZA GARCIA,<br><br>                              Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-02241-RBM-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Javier Alfonso Ariza Garcia's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I.      BACKGROUND

Petitioner, a national and citizen of Colombia, last entered the United States without admission or inspection in September 2023.  (Doc. 1 ¶¶ 1, 19.)  Petitioner "turned himself [to] immigration authorities and was ultimately released on his own recognizance after being served a Notice to Appear in removal proceedings."  (*Id*. ¶ 19; *see* Doc. 1-4 at 2.)

After his release, Petitioner continued to reside in the United States without departure, appeared at his hearings before the immigration court, timely filed his

1

application for asylum and related immigration relief, and was granted valid work authorization. (Doc. 1 ¶¶ 19, 22, 48; *see* Doc. 1-2, Declaration of Tessa Cabrera ["Cabrera Decl."] ¶ 13.) "On September 30, 2024, an immigration judge terminated his removal proceedings on an unopposed motion to terminate proceedings." (Doc. 1 ¶ 20.) In or around January 2025, Petitioner re-filed an application for asylum and related immigration relief which remains pending. (*Id.* ¶ 21.)

On March 11, 2026, Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") while standing near his house. (*Id.* ¶ 22.) Petitioner was then taken into ICE custody and remains detained at the Otay Mesa Detention Center. (*Id.*)

On April 9, 2026, Petitioner commenced this action by filing the Petition. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response to the Petition on April 21, 2026. (Doc. 4.) Petitioner filed a Traverse on April 27, 2026. (Doc. 5.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims his immigration detention violates the Fifth Amendment's Due Process Clause and the Immigration and National Act ("INA"). (Doc. 1 ¶¶ 37–51.) Respondents assert that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)[,]" but nonetheless maintain their position that "Petitioner is subject to mandatory detention under § 1225(b)(2)." (Doc. 4 at

2.) "However, [Respondents] "acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts" and "on that basis . . . do[ ] not oppose the [P]etition and defer[ ] to the Court on the appropriate relief." (*Id.* at 2–3.)

This Court has granted several habeas petitions filed by similarly situated petitioners who were previously released from detention on their own recognizance and re-detained several years later.  In *Faizyan v. Casey*, the Court held such petitioners are "subject to the discretionary detention procedures under 8 U.S.C. § 1226 and [their] detention without a bond hearing violates the Due Process Clause."  Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *2 (S.D. Cal. Nov. 17, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a).").  Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found that Respondents' summary revocation of the petitioner's "conditional parole without an opportunity to be heard deprived [him] of his due process rights."  *Faizyan*, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025); *see C.A.R.V. v. Wofford*, Case No. 1:25- CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding a due process violation where the petitioner was initially released on his own recognizance); *Leiva Flores v. Albarran*, Case No. 25- cv-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (finding the same and requiring a hearing before detention).

Like in *Faizyan*, Petitioner was previously released from ICE custody pursuant to an Order of Release on Recognizance.  (*See* Doc. 1 ¶ 19; Doc. 1-4 at 2.)  "As ICE was not authorized to release [Petitioner] if [he] was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined [he] was neither." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

Before he was re-detained in March 2026, Petitioner lived in the United States for over two years, was able to apply for asylum relief, was granted employment authorization, and had no criminal history.  (*See* Doc. 1 ¶¶ 19, 22, 48; Cabrera Decl. [Doc. 1-2] ¶ 13.)

Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise. *See Pinchi*, 792 F. Supp. 3d at 1032. And nothing on the record before the Court indicates any change in circumstances or individualized justification for Petitioner's re-detention. *See Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("Since DHS's initial determination that Petitioner should be paroled because [he] posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed."). Petitioner also claims, and Respondents do not dispute, that he was re-detained "with no notice, no explanation of the justification for his re-detention, and no opportunity to contest his re-detention in front of a neutral adjudicator before being taken into custody." (Doc. 1 ¶ 45.)

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, the Court finds that: (1) Petitioner is subject to § 1226's discretionary framework; and (2) ICE's revocation of Petitioner's release on his recognizance without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *7. Accordingly, the Petition is **GRANTED**.[1]

## IV.   **CONCLUSION**

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting conditional parole.

2. The Court **ORDERS** that, prior to any re-detention, Petitioner **SHALL** receive notice of the reasons for revocation of his release and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of

---

[1] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3:26-cv-02241-RBM-MSB

flight.

**IT IS SO ORDERED**.

DATE:  April 27, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-02241-RBM-MSB